**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lorrie A. Garcia, Plaintiff, vs. Regis Corporation, a Minnesota Corporation d/b/a Cost Cutters Family Hair; et al., Defendants. | No. CV09-1282-PHX-DGC<br>**ORDER** |

Plaintiff Lorrie Garcia has filed a motion for partial summary judgment. Dkt. #17. Defendant Regis Corporation has filed a motion to strike. Dkt. #27. The motions are fully briefed (Dkt. ##23, 25, 29, 30). For the reasons stated below, the Court will deny both motions.[1]

**I.    Background.**

Plaintiff was a manager at Defendant's hair salon. She alleges that, on May 6, 2003, she suffered an injury to her shoulder while in the course of her employment. As a result of the apparent injury, Plaintiff filed a worker's compensation claim with the Industrial

---

[1] The parties' requests for oral argument are denied because the parties have fully briefed the issues and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*; 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

Commission of Arizona. The Industrial Commission initially denied the claim, but Plaintiff appealed and requested a hearing. Following several hearings, an Administrative Law Judge (ALJ) granted Plaintiff's claim, finding she had a "permanent partial disability" under Arizona worker's compensation law. Defendant appealed, but after several more hearings the ALJ affirmed the decision in Plaintiff's favor. The Defendant did not appeal a second time and the ALJ's decision became final.

On June 17, 2008, Defendant petitioned the Industrial Commission to rearrange the worker's compensation benefits previously awarded to Plaintiff. Contrary to Defendant's request, the ALJ increased the worker's compensation benefits due Plaintiff. In doing so, the ALJ reaffirmed Plaintiff's "permanent partial disability."

Plaintiff has since resigned from her employment with Defendant. She commenced this action on June 15, 2009, claiming that Defendant violated the Americans with Disabilities Act (ADA) and the Arizona Civil Rights Act by discriminating against her because of the disability she suffered in the course of employment. Dkt. #1. Plaintiff alleges that Defendant demoted her after learning of her disability and retaliated against her for filing the worker's compensation claim. *Id.* ¶¶ 25, 29, 33.

Plaintiff's pending motion for partial summary judgment attempts to preclude Defendant from arguing that Plaintiff does not suffer from a disability within the meaning of the ADA. Specifically, she argues that the ALJ's finding that Plaintiff has a "permanent partial disability" under Arizona worker's compensation law has preclusive effect on the issue of Plaintiff's disability under the ADA. Because the issue of "permanent partial disability" under Arizona worker's compensation law is not the same issue as a qualified disability under the ADA, the Court will deny Plaintiff's motion.

**II.     Plaintiff's Motion for Partial Summary Judgment.**

When considering the preclusive effect of state judgments, federal courts must afford the judgment the same preclusive effect it would enjoy in the state that rendered the decision. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see Thornton v. City of St. Helens*, 425 F.3d 1158, 1165 (9th Cir. 2005). Because the Industrial Commission is

an Arizona entity, Arizona law applies.[2] Issue preclusion arises under Arizona law when (1) the issue was actually litigated in a prior proceeding, (2) the opposing party had an opportunity to litigate the issue, (3) the opposing party actually litigated the issue, (4) the prior proceeding resulted in a final judgment, and (5) the issue was essential to that judgment. *Circle K Corp. v. Indus. Comm'n of Ariz.*, 880 P.2d 642, 645 (Ariz. Ct. App. 1993) (citing *Chaney Bldg. Co. v. City of Tucson*, 716 P.2d 28, 30 (Ariz. 1986)). The threshold question in this analysis is whether "the issue or fact to be precluded [is] the *same* issue or fact actually litigated." *City of Tucson v. Superior Court*, 798 P.2d 374, 380 (Ariz. 1990) (emphasis added). Plaintiff has not met her burden on this threshold question.

The Industrial Commission found that Plaintiff suffered from an "unscheduled permanent partial disability" under Arizona's worker's compensation scheme. Dkt. # 18 at 10; *see* A.R.S. § 23-1044. "Unscheduled" disabilities under this scheme are caused by injuries not specifically enumerated in the statute, but that nonetheless hamper an employee's earning capacity. *See* A.R.S. § 23-1044(B)-(C). Worker's compensation claims for unscheduled disabilities are guided by the American Medical Association's "Guides to the Evaluation of Permanent Impairment." *W.A. Krueger Co. v. Indus. Comm'n of Ariz.*, 722 P.2d 234, 236 (Ariz. 1986). If an employee's injury is not "ratable" under the Guides, the ALJ hearing the claim may use discretion in determining whether an unscheduled disability exists. *See id.*

"Disability" under this scheme is related to an individual's "earning capacity," not to an individual's physical or mental health. *Alsbrooks v. Indus. Comm'n of Ariz.*, 578 P.2d 159, 163 (Ariz. 1978) ("We hold that when the statute says 'disability,' it means earning capacity disability . . . ."); *see R.G. Roth Const. Co. v. Indus. Comm'n of Ariz.*, 613 P.2d 307, 309 (Ariz. Ct. App. 1980) (applying *Alsbrooks* definition of disability to A.R.S. § 23-1044).

---

[2] Arizona law affords final Industrial Commission decisions preclusive effect. *See* A.R.S. § 23-947(B) (failure to appeal an Industrial Commission determination in a timely manner "means that the determination by the commission . . . is final and res judicata to all parties").

Thus, in Arizona worker's compensation claims, the Industrial Commission is concerned with physical injury or disability only to the extent that it affects an employee's ability to earn a wage. *See Savich v. Indus. Comm'n of Ariz.*, 5 P.2d 779, 780 (Ariz. 1931) ("The word 'disability' as used in our Compensation Act, does not mean disablement to perform the particular work petitioner was doing at the time of his injury, but refers to injuries which result in impairment of earning power generally. . . . It applies to earning power and not to inability to do a certain class of work.").

"Disability" under the ADA is defined very differently as "a physical or mental impairment that substantially limits one or more major life activities of [an] individual." 42 U.S.C. § 12102(1)(A).[3] ADA claimants must prove three elements: (1) they suffer from a physical or mental impairment, (2) the impairment limits a major life activity, and (3) the limitation is substantial. *See Gribben v. United Parcel Serv., Inc.*, 528 F.3d 1166, 1169 (9th Cir. 2008). This is an individualized review, based upon the facts of the particular claim. *See Rohr v. Salt River Project Agric. Improvement & Power Dist.*, 555 F.3d 850, 858 (9th Cir. 2009) (noting existence of substantial limitation is an "individualized inquiry"); *see also Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1002 (9th Cir. 2007) (describing process for determining major life activity as a comparative exercise); *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 794 (9th Cir. 2001) (requiring "individual inquiry" for finding of disability). This Circuit has accepted the inability to work as a disability under the ADA, *Deppe v. United Airlines*, 217 F.3d 1262, 1265 (9th Cir. 2000), but "'the inability to

---

[3] A person also has a disability under the ADA if he or she "has a record of" or is "regarded as having" an impairment under 42 U.S.C. § 12102(1)(A). 42 U.S.C. § 12102(1)(B)-(C). Plaintiff's motion for partial summary judgment implicitly referred only to impairments under 42 U.S.C. § 12102(1)(A) and did not argue that Plaintiff's disability had also been established under the "record of" and "regarded as" definitions. Plaintiff's reply raises these new arguments explicitly. Arguments raised for the first time in a reply will not be considered. *Delgadillo v. Woodward*, 527 F.3d 919, 930 n.4 (9th Cir. 2008). Defendant's motion to strike these new arguments from the record will be denied as moot because the Court has not considered the arguments.

1  perform a single, particular job does not constitute a substantial limitation in the major life
2  activity of working,'" *id.* (quoting 29 C.F.R. § 1630.2(j)(3)(i)).[4]

As these descriptions show, the elements of disability under Arizona worker's compensation law do not match the elements of disability under the ADA. The sole focus of worker's compensation law is on the loss of earning capacity; disability is an economic analysis. The focus of the ADA, however, is the physical and mental health of an individual and the effect that health has on an individual's daily life.

Plaintiff's case before the Arizona Industrial Commission makes this distinction clear. The ALJ did not consider whether Plaintiff's impairment limited a major life activity or was substantially limiting. Instead, the focus of the ALJ's inquiry was whether Plaintiff had sustained an injury covered by the worker's compensation scheme (Dkt. #18 at 6-8) and whether that injury affected Plaintiff's ability to perform her job (*id.* at 8-9). The ALJ never completed the "individualized inquiry" required to find that an ADA claimant is substantially limited in performing a major life activity.

True, the ALJ considered whether Plaintiff suffered from a physical impairment, ultimately finding that she did, but physical impairment is only one of three elements that must be satisfied before a person is disabled under the ADA. *See Gribben*, 528 F.3d at 1169. The Court cannot say, as a matter of law, that the ALJ's finding is the same as finding that a major life activity was substantially limited.

Moreover, the Industrial Commission found Plaintiff disabled based on her ability to perform a single, specific job. Dkt. #18 at 9. The ALJ determined that the Plaintiff did not suffer from a "scheduled" injury under the worker's compensation statute and that Plaintiff's injury was not "ratable" under the AMA Guides. *Id.* The ALJ was therefore permitted to exercise his discretion. *W.A. Krueger Co.*, 722 P.2d at 236. Ordinarily, the decision would

---

[4] This regulation is promulgated by the Equal Employment Opportunity Commission and defines "major life activities" to include "working." This Circuit has adopted the regulation as an interpretive guide to the ADA's definition of "major life activities." *Deppe*, 217 F.3d at 1265.

have been guided by the Plaintiff's earning capacity before and after the injury. In exercising his discretion, however, the ALJ deviated from the general "disability-as-a-loss-of-earning-capacity" framework and found that Plaintiff suffered from a permanent partial disability because her injury prevented her from returning to her "date-of-injury employment." Dkt. #18 at 9. In fact, the ALJ explicitly qualified his finding, noting that he made "no determination whether the claimant has a loss in earning capacity as a result of this decision, since there may be other manager/stylist jobs" that allow Plaintiff to work within the bounds of her injury. *Id.* The decision was affirmed by the Industrial Commission. *Id.* at 16-17.

As this Circuit has noted, the inability to perform a single job is not sufficient to qualify for a disability under the ADA. *Deppe*, 217 F.3d at 1265. The ALJ made clear that his finding was based on the Plaintiff's ability to return to her "date-of-injury employment," and was not based on Plaintiff's ability to perform "other manager/stylist jobs." Dkt. #18 at 9. Accordingly, the ALJ necessarily considered a different issue than disability under the ADA.

Plaintiff has not shown that the issue decided by the ALJ was the same disability issue that must be resolved in this case. As a result, the Court cannot conclude that Defendant is collaterally estopped from litigating ADA disability in this action, and Plaintiff's motion for summary judgment will be denied.

**IT IS ORDERED:**

1. Plaintiff's motion for partial summary judgment (Dkt. #17) is **denied**.
2. Defendant's motion to strike (Dkt. #27) is **denied**.

DATED this 7th day of April, 2010.

_____
David G. Campbell
United States District Judge