**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lorrie A. Garcia, | No. CV09-1282-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Regis Corporation, a Minnesota Corporation d/b/a Cost Cutters Family Hair; et al., | |
| Defendants. | |

Defendant Regis Corporation moves for judgment on the pleadings on part of Plaintiff's claims and requests attorneys' fees. Doc. 60. The motion is fully briefed (Docs. 60, 65, 69) and the parties have not requested oral argument. For the reasons that follow, the Court will grant in part and deny in part Defendant's motion.

**A.    Background.**

On June 15, 2009, Plaintiff filed a complaint that alleged two causes of action: violation of the Americans with Disabilities Act ("ADA") and violation of the Arizona Civil Rights Act ("ACRA"). Doc. 1. In the first count the complaint alleges, *inter alia*, that Defendant demoted Plaintiff upon learning of her disability, failed to engage Plaintiff in determining reasonable accommodations, and subjected Plaintiff to unlawful harassment and unequal treatment from supervisors, thereby creating a hostile work environment in violation of the ADA. *Id.* at 4-5. The second count incorporates the prior allegations and further

1  states that Defendant retaliated against Plaintiff in response to her complaints to the Arizona
2  Attorney General's office ("AAG"). *Id.* at 5.

3  The following key dates and events are alleged in the complaint or in Plaintiff's
4  response to Defendant's motion. On May 6, 2003, Plaintiff suffered an injury to her right
5  shoulder in the scope of employment. The injury was later deemed by the Arizona Industrial
6  Commission to be a permanent partial disability. *Id.* at 3. In June 2004, while on medical
7  leave, Plaintiff was demoted. Doc. 65 at 2; Doc. 1 at 4. In August 2007, Plaintiff transferred
8  to another of Defendant's store locations, and following that transfer was allegedly subjected
9  to unequal terms and conditions of employment. Doc. 1 at 4. On July 14, 2008, Plaintiff
10 filed a discrimination charge against Defendant with the AAG. *Id.* On April 8, 2009,
11 Plaintiff resigned, and on April 10, 2009, the AAG issued Plaintiff a right-to-sue letter. *Id.*
12 On June 15, 2009, Plaintiff filed the present action.

13 Defendant seeks to dismiss Plaintiff's ADA claim "to the extent it is based on events
14 that occurred *prior to September 18, 2007*" and the ACRA claim "to the extent it is based on
15 events that occurred *prior to January 16, 2008*." Doc. 60 at 1 (emphasis in original).
16 Defendant asserts that the discrete acts of discrimination occurring prior to these dates are
17 time-barred. *Id.* Defendant does not make a Rule 8 argument. *See* Doc. 60. Plaintiff
18 responds by arguing that her claims are not time-barred because the acts were part of a
19 hostile work environment. Doc. 65.

20 **B.    Discussion.**

21 A motion for judgment on the pleadings pursuant to Rule 12(c) "is properly granted
22 when, taking all the allegations in the non-moving party's pleadings as true, the moving party
23 is entitled to judgment as a matter of law." *Fajardo v. County of L.A.*, 179 F.3d 698, 699
24 (9th Cir. 1998); *see Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004)
25 (stating that in ruling on a Rule 12(c) motion the court must accept as true all allegations in
26 the plaintiff's complaint and treat as false the allegations in the defendant's answer that
27 contradict the plaintiff's allegations). In other words, dismissal pursuant to Rule 12(c) is
28 inappropriate if the facts as pled would entitle the plaintiff to a remedy. *Merchants Home*

- 2 -

1  *Delivery Serv., Inc. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir. 1995). In deciding a motion for judgment on the pleadings, the Court cannot consider evidence outside the pleadings unless the Court treats the motion as one for summary judgment. Fed. R. Civ. P. 12(c). The Court will decide this motion strictly on the pleadings.[1]

Defendant does not dispute that the United States Supreme Court decision *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), is controlling. *Morgan*, a Title VII case involving racial discrimination, held the following:

> We hold that the statute precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period. We also hold that consideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as an act contributing to that hostile environment takes place within the statutory time period.

536 U.S. at 105. Although the Court's opinion later differentiated between claims for discrete acts of discrimination and claims for a hostile work environment, the opinion did not preclude discrete acts from being alleged as part of a hostile work environment claim, so long as they truly are part of the claim. *E.g.*, *id.* at 118 ("[t]he statute does not separate individual acts that are part of the hostile environment claim from the whole for the purposes of timely filing and liability"); *see also id.* at 125 (O'Connor, J. dissenting) (dissent noting that "[u]nder the Court's approach, such an employee may . . . sleep on his or her rights for a decade, bringing suit only in year 11 based in part on actions for which a charge could, and should, have been filed many years previously in accordance with the statutory mandate").

Plaintiff asserts that her ADA claim is a hostile work environment claim. Doc. 65 at 5. Her complaint states that Plaintiff was subjected to harassment that "resulted in a hostile work environment." Doc. 5 ¶ 32. Although Plaintiff's claim also alleges that she was demoted after Defendant learned of her disability (*Id.* ¶ 29), *Morgan* does not preclude

---

[1] In its reply, Defendant moves to strike the exhibits included with Plaintiff's response, as well as facts stated by Plaintiff without a citation. Doc. 69 at 4. Because the Court decides this motion strictly on the pleadings and without reference to those facts, Defendant's request is denied as moot.

1 discrete acts from being part of a hostile work environment claim so long as they are truly 2 part of that single discrimination claim. The complaint expressly alleges a violation of the 3 ADA only after reciting the different constituent acts of the claim, of which the demotion 4 was part. *Id.* ¶ 32. Plaintiff is entitled to the opportunity to make the showing of a hostile 5 work environment, but will be required under *Morgan* to prove that the alleged acts were part 6 of a hostile work environment and that at least one of the acts is not time-barred. *Morgan*, 7 536 U.S. at 105. The Court will not dismiss Plaintiff's ADA hostile environment claim.

8 With regard to Plaintiff's ACRA claim, Defendant cites *Ornelas v. Scoa Indus.*, 9 587 P.2d 266 (Ariz. App. 1978), for the proposition that claims for discrete acts are time-10 barred if not brought in compliance with ACRA's statute of limitations period. Doc. 60 at 11 4-5. Plaintiff responds by asserting that her ACRA claim is a hostile work environment 12 claim and that, after *Morgan*, ACRA allows such a claim to include events that occurred 13 outside the limitations period. Doc. 65 at 8-9. Relying on *Kyles v. Contractors/Engineers* 14 *Supply, Inc.*, 949 P.2d 63 (Ariz. App. 1997), Plaintiff argues that absent precedent to the 15 contrary, Arizona courts' interpretation of ACRA tracks federal Title VII law. Doc. 65 16 at 8-9. Because *Morgan* permitted discrete acts that are otherwise time-barred to be 17 considered in a hostile work environment claim, Plaintiff reasons, ACRA does as well. *Id.* 18 Defendant does not address this argument in its reply brief. *See* Doc. 69.

19 The fatal flaw in Plaintiff's argument is that her complaint does not allege a hostile 20 work environment in count two, the ACRA count. Doc. 1 ¶¶ 34-37. Instead, the complaint 21 itemizes each discrete act as a separate violation of ACRA. *Id.* Although the count does 22 incorporate by reference allegations made under the previous count, Plaintiff's hostile work 23 environment language was couched as specifically violating the ADA. *Id.* ¶ 32 ("Plaintiff 24 Garcia was subjected to unlawful harassment and unequal treatment by her supervisors which 25 resulted in a hostile work environment and a tangible employment action pursuant to the 26 ADA."). The Court cannot interpret this language as automatically alleging a hostile work 27 environment under ACRA. Under *Morgan*, discrete discrimination claims that are time-28 barred are not saved by the fact that other non-barred claims are also alleged. *Morgan*, 536

1 U.S. at 105. Moreover, under *Ornelas*, if an ACRA claim is time-barred, a court does not
2 have jurisdiction over the claim. *Ornelas*, 587 P.2d at 266. Accordingly, the Court will
3 dismiss those ACRA claims for discrete discrimination that occurred before January 16,
4 2008.

5 The Court will deny Defendant's request for attorneys' fees. Defendant's motion has
6 not terminated this case. Any request for attorneys' fees is best considered after the entire
7 case has been resolved.

8 **IT IS ORDERED** that Defendant's motion for judgment on the pleadings (Doc. 60)
9 is **granted in part** and **denied in part** as stated above.

10 DATED this 23rd day of November, 2010.

*[signature]*

David G. Campbell
United States District Judge