1  **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9   Lorrie A. Garcia,                    )    No. CV09-1282-PHX-DGC
                                         )
10              Plaintiff,               )
                                         )    **ORDER**
11  vs.                                  )
                                         )
12  Regis Corporation, a Minnesota       )
    Corporation d/b/a Cost Cutters Family)
13  Hair; et al.,                        )
                                         )
14              Defendants.              )
                                         )
15  _____     )

16

17          Defendant Regis Corporation moves for summary judgment (Doc. 76) and Plaintiff

18  Lorrie Garcia opposes (Doc. 82).  The motion has been fully briefed.[1]  Docs. 76, 77, 82-85.

19  For the reasons that follow, the Court will grant the motion in part and deny it in part.

20  **I.     Background.**

21          On June 15, 2009, Plaintiff filed a complaint that alleged two causes of action:

22  violation of the Americans with Disabilities Act ("ADA") and violation of the Arizona Civil

23  Rights Act ("ACRA").  Doc. 1.  In the first count the complaint alleges that Defendant

24  demoted Plaintiff upon learning of her disability, failed to engage Plaintiff in determining

25  reasonable accommodations, and subjected Plaintiff to unlawful harassment and unequal

26  _____

27          [1] The parties' request for oral argument is denied because the issues have been fully
    briefed and oral argument will not aid the Court's decision.  *See* Fed. R. Civ. P. 78(b);
28  *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1   treatment from supervisors, thereby creating a hostile work environment in violation of the

2   ADA.  *Id.* at 4-5.  The second count incorporates the prior allegations and further states that

3   Defendant retaliated against Plaintiff in response to her complaints to the Arizona Attorney

4   General's office ("AAG").  *Id.* at 5.

5        This Court previously denied Plaintiff's motion for partial summary judgment on the

6   issue of disability under the ADA (Doc. 31), and granted in part and denied in part

7   Defendant's motion for judgment on the pleadings (Doc. 78).  Defendant now moves for

8   summary judgment on several grounds, and Plaintiff opposes.

9   **II.    Standard for Summary Judgment.**

10       A party seeking summary judgment "bears the initial responsibility of informing the

11  district court of the basis for its motion, and identifying those portions of [the record] which

12  it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v.*

13  *Catrett*, 477 U.S. 317, 323 (1986).  A court must grant summary judgment if the pleadings

14  and supporting documents, viewed in the light most favorable to the nonmoving party, "show

15  that there is no genuine issue as to any material fact and that the moving party is entitled to

16  judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Celotex*, 477 U.S. at 322-23;

17  *Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994).

18       Substantive law determines which facts are material, and "[o]nly disputes over facts

19  that might affect the outcome of the suit under the governing law will properly preclude the

20  entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986);

21  *see Jesinger*, 24 F.3d at 1130.  In addition, the dispute must be genuine – that is, the evidence

22  must be "such that a reasonable jury could return a verdict for the nonmoving party."

23  *Anderson*, 477 U.S. at 248.  Finally, district courts in the Ninth Circuit must consider even

24  inadmissible evidence at the summary judgment stage unless a party has moved to strike the

25  evidence or has otherwise objected to it.  *See Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999,

26  1003 (9th Cir. 2002); *Scharf v. U.S. Attorney Gen.*, 597 F.2d 1240, 1243 (9th Cir. 1979)).

27       There is no issue for trial unless there is sufficient evidence favoring the nonmoving

28  party; if the evidence is merely colorable or is not significantly probative, summary judgment

1   may be granted.  *Anderson*, 477 U.S. at 249-50.  However, because "[c]redibility

2   determinations, the weighing of evidence, and the drawing of inferences from the facts are

3   jury functions, not those of a judge, . . . [t]he evidence of the non-movant is to be believed,

4   and all justifiable inferences are to be drawn in his favor" at the summary judgment stage.

5   *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)); *Harris v.*

6   *Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999) ("Issues of credibility, including questions of

7   intent, should be left to the jury.") (citations omitted); *Sec. & Exch. Comm'n v. Koracorp*

8   *Indus., Inc.*, 575 F.2d 692, 698 (9th Cir. 1978) (reversing summary judgment and stating that

9   "[t]he courts have long recognized that summary judgment is singularly inappropriate where

10  credibility is at issue").

11  **III.    Count I – ADA Claims.**

12         **A.    Qualification Under the ADA.**

13         Defendant asserts that Plaintiff has not established she is disabled under the ADA.

14  Doc. 76 at 7-9.  Plaintiff responds that her physical impairment resulting from her 2003 on-

15  the-job shoulder injury limited her ability to work by reducing her work hours as hairstylist

16  to twenty hours per week and restricting her to lifting or carrying twenty pounds or less.

17  Doc. 82 at 8-9.  Defendant replies that this is not sufficient to establish a disability under the

18  ADA.  Doc. 84 at 7-8.

19         In a claim for disability under the ADA, summary judgment in favor of an employer

20  is proper if the plaintiff fails to raise a genuine issue of material fact regarding her being

21  disabled under the Act.  *Thompson v. Holy Family Hosp.*, 121 F.3d 537, 539 (9th Cir. 1997).

22  "Disability is defined as '(A) a physical or mental impairment that substantially limits one

23  or more of the major life activities of [an] individual; (B) a record of such an impairment; or

24  (C) being regarded as having such an impairment.'" *Id.* (quoting 42 U.S.C. § 12102).

25  "Whether a person is disabled under the ADA is an 'individualized inquiry.'" *Thornton v.*

26  *McClatchy Newspapers, Inc.*, 261 F.3d 789, 794 (9th Cir. 2001) (citing *Sutton v. United Air*

27  *Lines, Inc.*, 527 U.S. 471, 483 (1999)).

28

"In general, 'substantially limited' refers to the inability to perform a major life activity as compared to the average person in the general population or a significant restriction 'as to the condition, manner, or duration' under which an individual can perform the particular activity." *Thompson*, 121 F.3d at 539-40 (quoting 29 C.F.R. § 1630.2(j)(1)(i)-(ii)). "To establish a substantial limitation, [a plaintiff] must demonstrate that she is 'significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.'" *Id.* at 540 (quoting 29 C.F.R. § 1630.2(j)(3)(i)).

Defendant had raised this affirmative defense in its answer (Doc. 7 at 4), thereby giving Plaintiff notice that this issue could be dispositive of the case. Plaintiff's proffered evidence on summary judgment for the issue of disability is a copy of the Industrial Commission of Arizona's "Findings and Award for Unscheduled Permanent Partial Disability" (Doc. 83-1 at 33), and a letter from Dr. Debra Walker stating that Plaintiff requires "sufficient rest[,] . . . breaks[,]" and "four-hour workdays" (*id.* at 75). Even if the doctor's letter were competent evidence and viewed in light most favorable to Plaintiff, it does not provide a medical analysis of Plaintiff's condition as a disability under the ADA. Moreover, the Industrial Commission's findings concerned diminished earning capacity, not functional disability. Doc. 83-1 at 33, 38. As this Court concluded in its April 7, 2010 order denying Plaintiff's motion for partial summary judgment, the Industrial Commission found that Plaintiff was impaired but did not address the other elements of disability under the ADA. Doc. 31 at 5-6.

In arguing the existence of a disability, Plaintiff also asserts that she was restricted to lifting or carrying twenty pounds or less. Doc. 82 at 8-9. She offers no medical evidence imposing such a restriction, however, and the Ninth Circuit has suggested that even a 25-pound lifting restriction may not constitute a significant restriction in the ADA context, *see Thompson*, 121 F.3d at 540 (citing approvingly to *Williams v. Channel Master Satellite Sys., Inc.*, 101 F.3d 346, 349 (4th Cir. 1996), *cert. denied*, 520 U.S. 1240 (1997), where the Fourth Circuit "declar[ed], as a matter of law, that a 25-pound lifting limitation 'does not constitute

1    a significant restriction on one's ability to lift, work, or perform any other major life

2    activity'").

3          In the alternative, Plaintiff argues that she qualifies as an individual with a record of

4    a disability or regarded by Defendant as disabled.  Doc. 82 at 9-10.  Plaintiff points to the

5    Industrial Commission's findings as constituting a record of disability (*see id.*), but the Court

6    disagrees with this framing of the Commission's findings for the reasons stated above.  With

7    respect to Defendant regarding Plaintiff as disabled under the ADA, Plaintiff has introduced

8    no evidence to support this assertion.  Although depositions of two members of Defendant's

9    staff, Michael Schneider and Cynthia Guthrie, show that Plaintiff was provided with certain

10   schedule accommodations to follow work restrictions from her doctor (*see* Doc. 83-1 at 12,

11   43, 45), the depositions do not show that Defendant regarded Plaintiff as disabled under the

12   ADA or that the accommodations were considered by Defendant to be ADA

13   accommodations.[2]

14         In sum, the Court finds that Plaintiff has failed to bring forth sufficient evidence from

15   which a reasonable jury could find her disabled under the ADA.  Accordingly, the Court will

16   grant summary judgment in favor of Defendant on this issue.

17         **B.     Disability Discrimination.**

18         Defendant argues that it has not discriminated against Plaintiff related to any

19   disability, and that Plaintiff cannot establish such discrimination.  Doc. 76 at 9-12.  Because

20   the Court has found Plaintiff failed to show she was a qualified individual under the ADA,

21   summary judgment will be granted in favor of Defendant on this issue.

22

23         **C.     Hostile Work Environment.**

24         Defendant contends that Plaintiff cannot show a claim for hostile work environment

25   because "there is absolutely no evidence that plaintiff was subjected" to such an

26   _____

27         [2] In fact, Cynthia Guthrie testified that "we gave her Sundays and Mondays off,
     Tuesday through Friday 4:00 to 8:00, Saturday 9:00 to 1:00.  This way she was able to get

28   another job during the day elsewhere."  Doc. 83-1 at 44.

1    environment.  Doc. 76 at 12-15.  Plaintiff's hostile environment claim was brought under the

2    ADA.  Doc. 1 ¶ 32.  Because the Court has found Plaintiff failed to show she was a qualified

3    individual under the ADA, summary judgment will be granted in favor of Defendant on this

4    issue.

5            **D.      Ancillary Arguments.**

6            Defendant also makes several ancillary arguments that this Court will address only

7    summarily.

8            First, Defendant argues that Plaintiff's claim for demotion is time-barred.  Doc. 76 at

9    4-5.  The Court ruled on this issue as part of Defendant's motion for judgment on the

10   pleadings.[3]  Doc. 78.  Therefore, the argument is moot.

11           Second, Defendant asserts that Plaintiff meant to allege discrimination related to her

12   workers' compensation claim rather than discrimination under the ADA.  Doc. 76 at 5-7.

13   Plaintiff is in charge of her case, and where such discrimination is not alleged the Court will

14   decline the invitation to issue an advisory opinion.

15           Third, Defendant asserts that Plaintiff's constructive discharge claim fails for failure

16   to exhaust administrative remedies and for failure to produce evidence of the kind of working

17   conditions required by such a claim.  Doc. 76 at 15-17.  Plaintiff responds that constructive

18   discharge is not a requisite element of liability under either the ADA or ACRA.  Doc. 82 at

19   15.  Defendant's reply does not dispute this assertion, but rather requests summary judgment

20   on the discharge claim due to abandonment.  *See* Doc. 84 at 6.  Although the complaint

21   alleges generally that Plaintiff was forced to resign her position as a result of Defendant's

22   actions, such "constructive discharge" is not pled as a violation of the ADA or ACRA.

23   Doc. 1.  As with the argument above, the Court will decline to issue an advisory ruling on

24   a claim that has not been pled.

25   **IV.    Count II – ACRA Claims.**

26

27           [3] The ruling was issued after Defendant filed the present motion for summary

28   judgment.

1        Defendant's motion seeks summary judgment on Plaintiff's complaint in its entirety.

2   Doc. 76 at 1.  Although the motion mentions ACRA by name several times, Defendant's

3   analysis focuses solely on the ADA.  *See generally* Doc. 76.  Defendant appears to assume,

4   but does not argue, that summary judgment on the ADA claims also necessarily requires

5   dismissal of the ACRA claims.  *Cf. id.*  Plaintiff addresses ACRA separately in her response

6   and argues that she asserted a valid ACRA claim.  Doc. 82 at 13-15.  Defendant does not

7   address Plaintiff's assertions in its reply in any meaningful way.  *See* Doc. 84.  In the absence

8   of meaningful arguments from Defendant, the Court will deny the motion for summary

9   judgment as to the ACRA claims that had not been previously dismissed.

10   **IT IS ORDERED:**

11   1.       Defendant's motion for summary judgment (Doc. 76) is **granted in part** and

12           **denied in part** as stated above.

13   2.       The Court will set a final pre-trial conference by separate order.

14   DATED this 9th day of March, 2011.

_____
David G. Campbell
United States District Judge