**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lorrie A. Garcia,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Regis Corporation, a Minnesota Corporation d/b/a Cost Cutters Family Hair; et al.,<br><br>　　　　Defendants. | No. CV09-1282-PHX-DGC<br><br>**ORDER** |

On March 17, 2011, Defendant Regis Corporation moved for reconsideration and, in the alternative, for judgment on the pleadings. Doc. 88. For the reasons below, the Court will deny both motions.

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross*, 2008 WL 1776502, at *2. Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *Id.*; *see Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Defendant asks the Court to reconsider its March 15, 2011 order denying summary judgment on Plaintiff's Arizona Civil Rights Act ("ACRA") claims. Doc. 88. Defendant argues that by failing to qualify as a disabled person under the Americans With Disabilities Act ("ADA"), Plaintiff also necessarily fails to qualify under the ACRA. *Id.* at 2. Defendant does not dispute that it failed to make or support this argument in its motion for summary judgment, but asserts that this argument was made on its behalf by Plaintiff herself.[1] *Id.* Defendant also appears to imply, but does not expressly argue, that only ACRA disability-discrimination claims are left in this case. *See id.* at 2. Defendant could have made these arguments in its motion for summary judgment or in its reply with reasonable diligence. Accordingly, Defendant is not entitled to reconsideration on these grounds.

In the alternative, Defendant moves for a judgment on the pleadings. Doc. 88. Defendant argues that a Rule 12(c) motion may be brought at any time before trial. *Id.* at 2 n.2. Insofar as the motion would be dispositive of the case, however, the deadline for dispositive motions expired on November 12, 2010 (Doc. 66), and Defendant fails to show good cause for amending the schedule. Fed. R. Civ. P. 16(b) (stating that the district judge shall enter a scheduling order and that the "schedule shall not be modified except upon a showing of good cause and by leave of the district judge"); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (stating that the "good cause" inquiry focuses primary on the diligence of the party seeking a modification to the scheduling order). The Court will therefore deny Defendant's motion summarily without a responsive briefing.

---

[1] Defendant asserts that it argued in its motion that "[b]ecause plaintiff failed to identify a major life activity in which she was substantially limited during her employment with Regis, she is not disabled under the law, *and her ADA and ACRA claims fail as a matter of law*." Doc. 88 at 3. Defendant does not dispute, however, that it failed to discuss the evidentiary requirements for disability under ACRA or that it failed to argue that ACRA and ADA definitions of "disabled" are identical. Contrary to Defendant's implications, Plaintiff's response to the motion for summary judgment fails to make these arguments on Defendant's behalf.

**IT IS ORDERED:**

1. Defendant's motion for reconsideration (Doc. 88) is **denied**.
2. Defendant's motion for judgment on the pleadings (Doc. 88) is **denied** as untimely.

DATED this 22nd day of March, 2011.

David G. Campbell
United States District Judge