**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lorrie A. Garcia,<br><br>           Plaintiff,<br><br>vs.<br><br>Regis Corporation, a Minnesota Corporation d/b/a Cost Cutters Family Hair; et al.,<br><br>           Defendants. | No. CV09-1282-PHX-DGC<br><br>**ORDER** |

Plaintiff moves for reconsideration of this Court's March 9, 2011 order granting summary judgment in part to Defendant (Doc. 86). Doc. 90. The Court gave Defendant an opportunity to respond (Doc. 91), and a response was filed (Doc. 92). For the reasons below, the Court will grant the motion.[1]

**I.      Legal Standards.**

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1).

---

[1] Plaintiff's request for oral argument is denied because Plaintiff was able to file a written motion and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1  Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross*, 2008
2  WL 1776502, at *2. Nor should reconsideration be used to make new arguments or to ask
3  the Court to rethink its analysis. *Id.*; *see Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*,
4  841 F.2d 918, 925-26 (9th Cir. 1988).

5  **II.     Discussion.**

6        **A.     "Regarded As" Disabled.**

7              **1.     Substantive Merits.**

8                    **a.     Regarded As Having an Impairment.**

9  In her response to the motion for summary judgment, Plaintiff asserted in part that
10 "Defendant, through its actions acknowledged that Plaintiff suffered from a disability."
11 Doc. 82 at 10. "[I]ncluded in Defendant's admitted actions was to accommodate [Plaintiff]
12 by providing a four (4) hour hairstylist work day, and purchasing of the low-draulic chair."
13 *Id.* Plaintiff's statement of facts, however, state in part: "Plaintiff agrees that [Defendant]
14 provided Plaintiff with a low-draulic chair for her use as a stylist. However, the low-draulic
15 chair was not requested by Plaintiff, but was a requirement placed on her through worker's
16 compensation." Doc. 83 at 2:6-9. The foregoing statement references "Exhibit 7, Deposition
17 of Sandi Maeser, 62:10 – 62:15." *Id.* at 2:9. Exhibit 7 is the deposition of Cynthia Guthrie,
18 and the referenced passage does not mention a low-draulic chair. Doc. 83-1 at 43. The
19 deposition of Sandi Maeser appears as Exhibit 5, and excludes the page reference provided
20 by Plaintiff. Doc. 83-1 at 25-31.

21 As legal support, Plaintiff's response argued that "[a] person is regarded as being
22 disabled if '(1) a covered entity mistakenly believes that a person has a physical impairment
23 that substantially limits one or more major life activities, or (2) a covered entity mistakenly
24 believes that an actual, non-limiting impairment substantially limits one or more major life
25 activities.'" Doc. 82 at 10 (quoting *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489
26 (1999)). Although Plaintiff did not expressly argue whether her "regarding as disabled"
27 theory was made under the first or second prong of *Sutton*, Plaintiff's response cited two
28 sources in addition to *Sutton*: (1) 29 C.F.R. § 1630.2(l)(1), which states that "[i]s regarded

1  as having such impairment means . . . [h]as a physical or mental impairment that does not
2  substantially limit major life activities but is treated by a covered entity as constituting such
3  limitation"; and (2) *Deppe v. United Airlines*, 217 F.3d 1262, 1265 (9th Cir. 2000), for the
4  proposition that "the employer must perceive the individual as having an actual disability
5  under the ADA." Doc. 82 at 10. *Deppe*, in turn, cited to *Sutton* and *Thompson v. Holy
6  Family Hosp.*, 121 F.3d 537, 541 (1997). *Deppe*, 217 F.3d at 1265 n.10. *Thompson*, in turn,
7  observed that "[a]s with real impairments, . . . a perceived impairment must be substantially
8  limiting and significant." 121 F.3d at 541 (quoting *Gordon v. E.L. Hamm & Assocs., Inc.*,
9  100 F.3d 907, 913 (11th Cir. 1996)).

10  Given the above context, Plaintiff's argument in the response was essentially that
11  Defendant's providing Plaintiff with a four-hour hairstylist work day and a low-draulic chair
12  – a chair that was not requested by Plaintiff as an accommodation for a disability – raised a
13  genuine dispute about whether Defendant believed Plaintiff was substantially limited in a
14  major life activity as defined by the ADA. In its summary judgment order, this Court stated:

> With respect to Defendant regarding Plaintiff as disabled under the ADA, Plaintiff has introduced no evidence to support this assertion. Although depositions of two members of Defendant's staff, Michael Schneider and Cynthia Guthrie, show that Plaintiff *was provided with certain schedule accommodations to follow work restrictions from her doctor* (see Doc. 83-1 at 12, 43, 45), the depositions do not show that Defendant regarded Plaintiff as disabled under the ADA or that the accommodations were considered by Defendant to be ADA accommodations.

20  Doc. 86 at 5 (emphasis added). The Court also noted the following in a footnote: "In fact,
21  Cynthia Guthrie testified that 'we gave her Sundays and Mondays off, Tuesday through
22  Friday 4:00 to 8:00, Saturday 9:00 to 1:00. This way she was able to get another job during
23  the day elsewhere.' Doc. 83-1 at 44." *Id*. at n.2.

24  In her motion for reconsideration, Plaintiff asserts that the Court erred when it held
25  that Plaintiff failed to raise a genuine dispute about whether she was regarded by Defendant
26  as disabled under the ADA. Doc. 90 at 3. Plaintiff asserts that according to a letter from
27  Defendant's Workers' Compensation Manager, Michael Schneider, Defendant offered
28  Plaintiff a permanent position as hairstylist "based on [Plaintiff's] permanent work

1  restrictions with Regis," and that in Schneider's words the offered position met "the medical
2  restrictions put in place by [Plaintiff's] physician which limit [Plaintiff] to 4 hours per day
3  styling hair." *Id.* at 4. Plaintiff further argues that Defendant's providing her with a "low-
4  draulic chair" (i.e., a chair that can be lowered as needed) at the request of Defendant's
5  Workers' Compensation division is further evidence that Defendant regarded her as disabled.
6  *Id.* at 5. Plaintiff asserts that the Court did not consider the furnishing of the chair in its
7  decision, and that the above evidence raises a material dispute about whether Defendant
8  regarded Plaintiff as disabled under the ADA. *Id.* Plaintiff also observes that "[a]t the very
9  minimum, there exists a question of fact regarding why, if Defendant did not regard Plaintiff
10 as disabled, did Mr. Schneider offer Plaintiff a position based upon Plaintiff's medical
11 restrictions." *Id.*

12 When a nonmoving party's opposition fails to specifically cite to materials in the
13 record, the Court is not required to search the record for evidence establishing a genuine
14 issue of material fact or to obtain missing materials. *See Carmen v. S.F. Unified Sch. Dist.*,
15 237 F.3d 1026, 1028-29 (9th Cir. 2001); *Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409,
16 1417-18 (9th Cir. 1988). Moreover, mere provision of an accommodation without more is
17 insufficient to raise a genuine dispute about whether an employer considered an employee
18 disabled under the ADA. *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 798 (9th
19 Cir. 2001) ("[W]hen an employer takes steps to accommodate an employee's restrictions, it
20 is not thereby conceding that the employee is disabled under the ADA or that it regards the
21 employee as disabled. A contrary rule would discourage the amicable resolution of
22 numerous employment disputes and needlessly force parties into expensive and
23 time-consuming litigation.").

24 The Court properly disregarded provision of the low-draulic chair as evidence of
25 Plaintiff being regarded as disabled under the ADA. Plaintiff's statement of facts admitted
26 that she did not request the chair as an accommodation, asserts that the chair was instead a
27 "requirement placed on her," and that this requirement was imposed by "worker's
28 compensation." Doc. 83 at 2:6-9. The foregoing, together with Plaintiff's reference to a non-

- 4 -

1  existent exhibit, shows only that Defendant provided Plaintiff with a chair that can be
2  lowered.  Under *Thornton*, an employer taking such steps does not concede it regards the
3  employee as disabled.  261 F.3d at 798.  Accordingly, mere provision of the chair does not
4  show Defendant regarded Plaintiff as having an impairment that substantially limits a major
5  life activity.[2]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) ("[T]here is no
6  issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to
7  return a verdict for that party. . . .  If the evidence is merely colorable, . . . or is not
8  significantly probative, . . . summary judgment may be granted." (citations omitted)).

9        Plaintiff's argument with respect to the four-hour schedule being a jury issue is,
10 however, persuasive.  In its previous order, the Court concluded that the depositions of
11 Michael Schneider and Cynthia Guthrie indicated Plaintiff "was provided with certain
12 schedule accommodations to follow work restrictions from her doctor," and that "the
13 depositions do not show that Defendant regarded Plaintiff as disabled under the ADA or that
14 the accommodations were considered by Defendant to be ADA accommodations."  Doc. 86
15 at 5.

16       In her motion for reconsideration, Plaintiff points to Exhibit 12 from her statement of
17 facts.  The exhibit is a letter from Mr. Schneider offering Plaintiff a position as hairstylist.
18 Doc. 83-1 at 64-65.  The letter states that "[the] position meets the medical restrictions put
19 in place by your physician which limit you to 4 hours per day styling hair."  *Id.* at 65.  The
20 letter clearly implies that the reduced schedule was provided to comply with medical
21 restrictions prescribed by Plaintiff's doctor.  Doc. 83-1 at 12, 43, 45, 65.  The Court
22 concludes that a reasonable jury could infer that Defendant believed Plaintiff to be disabled.
23 Such inferences are the province of the jury.  *See Crawford v. Runyon*, 37 F.3d 1338, 1341

---

[2] Plaintiff's motion for reconsideration for the first time supplies the missing pages from the deposition of Sandi Maeser.  Doc. 90-1.  Plaintiff could have provided this exhibit in its statement of facts or response with reasonable diligence.  Plaintiff's failure to do so does not entitle her to reconsideration.  Reconsideration may be based only on "new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence."  LRCiv 7.2(g)(1).

- 5 -

1  (8th Cir. 1994) ("Because discrimination cases often depend on inferences rather than on
2  direct evidence, summary judgment should not be granted unless the evidence could not
3  support any reasonable inference for the nonmovant."); *see also Anderson*, 477 U.S. at 249
4  ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence
5  and determine the truth of the matter but to determine whether there is a genuine issue for
6  trial.").

### b. Substantial Limitation of Impairment.

Defendant's reply also argued that Plaintiff failed to produce evidence showing Defendant believed the impairment substantially limited a major life activity. Doc. 84 at 11. Plaintiff responds that her impairment substantially limited her work as hairstylist.[3] Doc. 82 at 9.

In a "regarded as" claim, a plaintiff must show the employer believed her impairment substantially limited a major life activity. *See Sutton*, 527 U.S. at 491. "When the major life activity under consideration is that of working, the statutory phrase 'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs." *Id.* "To be substantially limited in the major life activity of working, then, one must be precluded from more than one type of job, a specialized job, or a particular job of choice." *Id.* at 492; *accord Holihan v. Lucky Stores, Inc.*, 87 F.3d 362, 365-66 (9th Cir. 1996) (finding no substantial limitation in working where plaintiff worked "numerous hours pursuing two different occupations"– i.e., real estate and sign-making endeavors – and did not argue that these occupations were not within the same class of work as his store manager job). "If jobs utilizing an individual's skills . . . are available, one is not precluded from a substantial class of jobs. Similarly, if a host of different types of jobs are available, one is not precluded from a broad range of jobs." *Sutton*, 527 at 492.

---

[3] Although this argument was made in the portion of Plaintiff's response asserting she actually had a substantially-limiting physical impairment (Doc. 82 at 9), the Court will also adopt it as a response to the "regarded as" issue because the issues are closely related.

- 6 -

A reasonable jury may find from Defendant's letter that Defendant believed Plaintiff could work only four hours per day as hairstylist. Plaintiff has not brought forth evidence showing she has no skills to perform other jobs, however. In fact, Plaintiff testified that she was a manager at two of Defendant's stores (Doc. 83-1 at 22), and asserted that her performance as a salon manager earned her several employee awards. Doc. 83 at 4:6-9. Plaintiff admittedly had multiple skills: she asserted that throughout her almost fourteen-year career with Defendant she "served the company as a manager, hair stylist and receptionist" (Doc. 83 at 4:6-9), and admitted in her deposition that following the injury she worked the first year full-time as "stylist and manager." Doc. 77-1 at 11. Plaintiff's response also implies that she could perform the job of manager full time. *Cf.* Doc. 82 at 13 ("[Plaintiff] was required by doctors orders to work only four hours per day cutting hair. . . . By Regis own admission, managers were required to conduct other duties, including administrative tasks, other than cutting hair. Rather than allowing [Plaintiff] to continue in the capacity as a manager, Regis relegated her to the position of part-time hairstylist, despite the fact that she could in fact operate within her medical restrictions as a manager, and despite the fact that when it was advantageous for Regis, Ms. Garcia was requested to serve in the capacity as a manager.").

Despite Plaintiff's possible qualifications, Defendant offered Plaintiff only a part-time position as hairstylist. In light of Plaintiff having performed different jobs for Defendant in the past, a reasonable jury may infer that Defendant considered Plaintiff capable of performing other jobs. A reasonable jury may also infer, however, that the part-time offer meant Defendant regarded Plaintiff's impairment as substantially limiting not only her ability to work full time as hairstylist but also her ability to work full time generally. Such inferences are the province of the jury. *See Crawford*, 37 F.3d at 1341.

### c. Conclusion.

In light of the above considerations, the Court manifestly erred in granting summary judgment to Defendant on the "regarded as" claim.

### 2. Pleading Deficiencies.

As part of its reply to Plaintiff's response to the summary judgment motion, Defendant argued that Plaintiff did not allege a "regarded as" claim in her complaint. Doc. 84 at 9:14-22. The Court's March 9 order did not need to address this argument in light of finding no genuine dispute as to evidence. Given the ruling above, however, the Court will address this issue now. Although this argument was raised for the first time in Defendant's reply brief, it is properly before the Court because it addressed Plaintiff's response with respect to her "regarded as" claim.

A person is disabled under the ADA if she has "a physical or mental impairment that substantially limits one or more of [her] major life activities," has a "record of such an impairment," or is "being regarded as having such impairment." *Sutton*, 527 U.S. at 478 (quoting 42 U.S.C. § 12102(2)). Plaintiff's complaint alleges that Plaintiff "is disabled under the ADA due to the injury to her right shoulder," that she made Defendant aware of her disability, and that Defendant took certain actions thereafter. Doc. 1 at 4-5. Plaintiff did not expressly allege that she was "regarded as" disabled, nor did she allege that she "has" an impairment. Instead, Plaintiff generally alleged that she "is disabled under the ADA." *Id.* at 4:21-22. Because *Sutton* and its progeny suggest a person is disabled if she either has a qualifying impairment, has a record of such impairment, or is regarded as having such impairment, Plaintiff's allegation is generalized and can refer to any or all of these grounds for disability. Accordingly, the Court finds that the complaint pled disability generally.

The Court need not decide whether such a broad allegation fails to plead the claim with particularity because Defendant did not request a more definite statement and did not move to dismiss for failure to state a particularized claim prior to its summary judgment reply. Although Defendant's answer raised a general "failure to state a claim defense," it did not provide specific grounds for the defense. Doc. 7 at 4:2-3. Moreover, Defendant's motion

for judgment on the pleadings did not raise the issue of particularity. Doc. 60. Plaintiff confirmed her intent to pursue all three grounds of disability under the ADA in her response to summary judgment, and Defendant made its substantive arguments as to each ground. Defendant's particularity argument comes too late.

### 3. Conclusion.

In light of the above, the Court's grant of summary judgment on the "regarded as" disabled issue is hereby vacated, and summary judgment in favor of Defendant will be denied on this issue.

The Court's March 9 order also summarily granted summary judgment to Defendant on the issues of whether Defendant discriminated against Plaintiff because of a disability (Doc. 86 at 5:17-21) and whether Plaintiff was subjected to a hostile work environment (*id.* at 5:23-25, 6:1-4). The basis for each decision was that Plaintiff raised no material dispute about her qualifying as disabled under the ADA. *Id.* at 5-6. Because the Court has vacated its ruling on the "regarded as" claim, the Court will also vacate its summary judgment ruling as to those issues and address them below.

## B. Disability Discrimination.

Defendant argues that even assuming Plaintiff is disabled under the ADA, Defendant did not fail to provide her with a reasonable accommodation for her disability. Doc. 76 at 9. Defendant asserts the only affirmative request Plaintiff made during the relevant period was a change of schedule to a day shift. *Id.* at 10. Defendant argues it is undisputed this request was not an accommodation for a disability, but rather an accommodation for her children's school schedule. *Id.* at 10-12. Plaintiff responds that her physician directed the need for Plaintiff to work a morning shift, and that failure to abide by this medical determination was a clear failure to accommodate. Doc. 82 at 15. As part of her statement of facts, Plaintiff attached a letter from Debra Walter, M.D., dated May 9, 2008. Doc. 83-1 at 75. The letter states in part that "[m]edically, [Plaintiff requires sufficient rest and an acceptable pain management routine in order to continue working as a hairdresser. I would recommend [Plaintiff] continue four-hour workdays *confined to the daytime hours*." *Id.*

1 (emphasis added). A hand-written prescription form is also attached stating the following: "Medically, [Plaintiff] should be working days instead of nights (4 hr max 5 day /w)." *Id.* at 76.

Rule 56(e) of the Federal Rules of Civil Procedure requires the nonmoving party on summary judgment to "designate 'specific facts showing that there is a genuine issue for trial,'" and such facts must be shown by the party's affidavits "or by the 'depositions, answers to interrogatories, and admissions on file.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A nonmoving party need not "produce evidence in a form that would be admissible at trial in order to avoid summary judgment," *id.* at 324, but the substantive evidence itself must be admissible, *Orr v. Bank of America*, 285 F.3d 764, 774 (9th Cir. 2002).

The letter and prescription are not sworn statements and are not submitted under affidavit by Plaintiff's attorney. Defendant's reply contains a catch-all paragraph objecting to admissibility of evidence, but Defendant does not specifically identify Dr. Walter's letter and prescription as inadmissible, nor does it state the grounds on which the evidence in general is inadmissible other than to cite generally to Rule 56 and Local Rule 56.1. Accordingly, the Court finds that the above documents, if appropriately admitted at trial after foundation is established, do raise a genuine dispute about whether Plaintiff's need for a day shift was related to the impairment Plaintiff had or Defendant regarded her as having. Summary judgment will therefore be denied on this issue.

**C.    Hostile Work Environment.**

Defendant argues that Plaintiff has failed to establish one of the elements of a hostile work environment claim, namely "conduct which a reasonable person would consider sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." Doc. 76 at 12 (citing *Ellison v. Brady*, 924 F.2d 872, 879 (9th Cir. 1991)). Plaintiff responds that Defendant declined her repeated requests to change to a day shift and structured her schedule so that she was unable to switch shifts as needed with another employee as was customary in this position. Doc. 82 at 11-15. Plaintiff also argues

1  that she was denied the continued opportunity to work as a manager. Doc. 82 at 13. 2  Plaintiff's demotion is not actionable, as this Court has previously ruled. Moreover, Plaintiff 3  fails to cite in her argument evidence that she applied for a promotion and was 4  discriminatorily denied. Doc. 82 at 13. Plaintiff further admits that she was temporarily 5  "requested to serve in the capacity as a manager." *Id.*

6  In the context of a sexual harassment case, the Ninth Circuit stated that "[i]n order to 7  shield employers from having to accommodate the idiosyncratic concerns of the rare 8  hyper-sensitive employee, we hold that a female plaintiff states a prima facie case of hostile 9  environment sexual harassment when she alleges conduct which a reasonable woman would 10  consider sufficiently severe or pervasive to alter the conditions of employment and create an 11  abusive working environment." *Ellison*, 924 F.2d at 879. Under the facts of this case, the 12  *Ellison* reasonable victim standard requires the Court to view Plaintiff's allegations from the 13  perspective of a reasonable person regarded as disabled. *Cf. id*. ("We adopt the perspective 14  of a reasonable woman primarily because we believe that a sex-blind reasonable person 15  standard tends to be male-biased and tends to systematically ignore the experiences of 16  women.").

17  The Court concludes that when Plaintiff's hostile work environment claim is viewed 18  from the reasonable-victim standard enunciated above, a reasonable jury may find 19  Defendant's actions were "sufficiently severe or pervasive [so as] to alter the conditions of 20  employment and create an abusive working environment." Declining repeated requests from 21  a person regarded as disabled to shift her schedule as prescribed by her doctor, and 22  structuring her schedule more rigidly than schedules of other employees who were not 23  regarded as disabled, may be deemed by a jury to constitute an abusive working 24  environment. Summary judgment on this issue will therefore be denied.

25  **IT IS ORDERED:**

26  1. Plaintiff's motion for reconsideration (Doc. 90) is **granted**.

27
28

2. This Court's order granting Defendant summary judgment in part (Doc. 86) is **vacated in part** as stated above.

DATED this 13th day of May, 2011.

*/s/ Daniel G. Campbell*
David G. Campbell
United States District Judge

- 12 -