**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lorrie A. Garcia,<br><br>    Plaintiff,<br><br>vs.<br><br>Regis Corporation, a Minnesota Corporation d/b/a Cost Cutters Family Hair; et al.,<br><br>    Defendants. | No. CV09-1282-PHX-DGC<br><br>**ORDER** |

Defendant moves for partial reconsideration of this Court's May 16, 2011 order (Doc. 95). Doc. 96. Plaintiff moves to strike the motion.[1] Doc. 97. For the reasons that follow, the Court will deny the motion for reconsideration and deny the motion to strike as moot.

**I.     Legal Standards.**

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1).

---

[1] Plaintiff's request for oral argument is denied because Plaintiff was able to file a written motion and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross*, 2008 WL 1776502, at *2. Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *Id.*; *see Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

**II.     Discussion.**

**A.     Background.**

On March 9, 2011, the Court granted in part Defendant's motion for summary judgment on Plaintiff's Americans With Disabilities Act ("ADA") claim on the basis that Plaintiff had not raised a genuine dispute about being disabled under the ADA – specifically, having a qualifying physical impairment, having a record of such impairment, or being regarded by Defendant as having such impairment. Doc. 86. The Court also held that as a direct result of Plaintiff failing to qualify as disabled under the ADA, Defendant was entitled to summary judgment on the issues that its alleged acts constituted discrimination and created a hostile work environment in violation of the ADA. *Id.* at 5-6.

Plaintiff moved for reconsideration of the Court's determination that she failed to raise a genuine issue of being regarded by Defendant as having a qualifying physical impairment (Doc. 90), and Defendant responded (Doc. 92). On May 16, the Court ruled in part that its summary judgment order was in error on the "regarded as" issue, and vacated in part its March 9 order. Doc. 95 at 9. The ruling extended to all issues based solely on the "regarded as" holding, including the issues that Defendant's alleged discrimination and hostile environment did not violate the ADA. Because Defendant's summary judgment motion sought alternative grounds for holding that the alleged acts did not violate the ADA notwithstanding Plaintiff's disability, and because the parties briefed these issues on summary judgment, the Court necessarily had to consider these alternative arguments as part of the motion for reconsideration. The Court did so and concluded as follows: (1) as to the argument that Defendant did not fail to accommodate Plaintiff, Plaintiff raised a genuine factual dispute about whether the accommodations were related to the impairment Defendant regarded Plaintiff as having; and (2) as to the argument that Plaintiff failed to establish the

conduct was one that "a reasonable person would consider sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment," Plaintiff raised a genuine factual dispute. *Id.* at 10-11. The Court did not rule that Plaintiff was regarded as disabled, or that she was discriminated against, or that Defendant created an abusive working environment – only that these questions should be decided by a jury. Doc. 95.

### B. Analysis of Substantive Arguments.

In its motion for reconsideration, Defendant first argues that the May 16 order "decided issues that were not raised by plaintiff in her Motion for Reconsideration and were never briefed by the parties." Doc. 96 at 1. Although Plaintiff's motion for reconsideration did not expressly argue that judgment for Defendant on the discrimination and hostile work environment issues should be vacated, this argument was implicit for four reasons: (1) the March 9 judgment in favor of Defendant on these issues rested solely on the conclusion that Plaintiff had not shown she qualified under the ADA; (2) Plaintiff's successful challenge of this conclusion would be moot if Defendant prevailed on the alternative arguments made in its summary judgment motion as to these issues; (3) the Court did not and had no need to consider these alternative arguments when ruling on the original motion for summary judgment in light of its finding that Plaintiff did not qualify as disabled under the ADA; and (4) Defendant would have been prejudiced if the Court merely vacated its judgment without considering the alternative arguments made in Defendant's original motion for summary judgment.

As to whether the issues were "never briefed by the parties," Defendant is in part correct – but this undercuts the thrust of its argument for reconsideration. Defendant's motion for summary judgment did brief these issues by arguing as follows: (1) "[P]laintiff cannot establish that Regis retaliated against her or failed to provide her with a reasonable accommodation related to any disability. . . . [A]s evidenced by plaintiff's own testimony, this schedule request was not made to accommodate any purported disability. To the contrary, plaintiff's articulated reasons for this schedule change request had absolutely

- 3 -

nothing to do with her medical condition[,]" (Doc. 76 at 9:10-11, 10:17-19); and (2) "To demonstrate cognizable harassment, a plaintiff must establish conduct which a reasonable person would consider sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. . . . In the instant case, there is absolutely no evidence that plaintiff was subjected to a hostile work environment[,]" (*Id.* at 12:21-25, 13:1-2).

In addition, Defendant's motion appears premised on Plaintiff failing to show she had an actual impairment that qualified as a disability under the ADA. *See* Doc. 76. Plaintiff responded that she qualifies under the ADA because, in part, she was regarded by Defendant as being disabled under the ADA. Doc. 82. In replying, Defendant asserted that "Plaintiff has not produced a scintilla of admissible evidence to establish a 'regarded as' claim under the ADA" and proceeded to argue what relevant evidence was missing. Doc. 84 at 10-11. Defendant's reply did not argue that an employer has no obligation to accommodate a "regarded as" plaintiff, nor was this argument made in its initial motion for summary judgment.[2] Docs. 76, 84.

Defendant appears to argue that when reconsideration of a summary judgment order is granted on one issue, and that issue necessarily requires reconsideration of other issues raised in the motion for summary judgment, a court must order a re-briefing of the summary judgment motion. Defendant has cited no authority in support of this argument. Nor has Defendant moved for permission to file two summary judgment motions. Doc. 16 at 4 ("No party shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure unless permission is first obtained, by joint telephone call, from the Court."). Accordingly, the Court properly reconsidered the vacated portions of the summary judgment order in light of the arguments presented in the parties' initial summary judgment briefings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (noting that a party seeking

---

[2] This argument also appears to be absent from Defendant's response to Plaintiff's motion for reconsideration. Doc. 92.

- 4 -

1  summary judgment "bears the initial responsibility of informing the district court of the basis
2  for its motion . . . .").

3  In its motion for reconsideration, Defendant argues for the first time that Ninth Circuit
4  precedent, more specifically *Kaplan v. City of N. Las Vegas*, 323 F.3d 1226, 1233 (9th Cir.
5  2003), stands for the proposition that "there is no duty to accommodate an employee in an
6  'as regarded' case." Doc. 96 at 2 (quoting *Kaplan*). To the extent Defendant's motion for
7  reconsideration tries to obtain summary judgment in its favor on the basis of a new argument,
8  it will be denied. *See Northwest Acceptance Corp.*, 841 F.2d at 925-26. Also, to the extent
9  Defendant seeks to finalize jury instructions on the law regarding employer duties to
10 "regarded as" employees under the ADA, the attempt is premature – the parties may do so
11 in connection with the final pretrial conference.

12 Defendant also requests reconsideration of the hostile environment ruling, under two
13 independent arguments: lack of duty under *Kaplan* and Plaintiff's failure to establish a
14 sufficiently-severe or pervasive conditions under *Ellison v. Brady*, 924 F.2d 872, 879 (9th
15 Cir. 1991). The *Kaplan* argument is insufficient to warrant summary judgment for the
16 reasons mentioned above. The Court addressed *Ellison* in its May 16 order (Doc. 95 at 10-
17 11), and Defendant has not persuaded the Court that, in light of the parties' summary
18 judgment briefings, the ruling was manifest error.

19 The motion to reconsider on these grounds will therefore be denied.

20 **C.    Admissibility of Evidence.**

21 Defendant also argues, in the alternative, the Court's suggestion that Defendant "did
22 not specifically identify Dr. Walter's letter and prescription as inadmissible nor state the
23 grounds on which the evidence was admissible" is error that by itself requires
24 reconsideration. Doc. 96 at 3 n.1 (internal quotation marks omitted). Defendant notes that
25 "[i]n objecting to Plaintiff's Statement of Fact . . . [Defendant] specifically cited lack of
26 foundation and inadmissible hearsay, as well as the fact that the exhibit on which plaintiff
27 relied failed to support the factual assertions contained in Plaintiff's SOF ¶58." *Id.*

28 The May 16 order states in part as follows:

> A nonmoving party need not "produce evidence in a form that would be admissible at trial in order to avoid summary judgment," . . . but the substantive evidence itself must be admissible, *Orr v. Bank of America*, 285 F.3d 764, 774 (9th Cir. 2002).
>
> The letter and prescription are not sworn statements and are not submitted under affidavit by Plaintiff's attorney. Defendant's reply contains a catch-all paragraph objecting to admissibility of evidence, but Defendant does not specifically identify Dr. Walter's letter and prescription as inadmissible, nor does it state the grounds on which the evidence in general is inadmissible other than to cite generally to Rule 56 and Local Rule 56.1. Accordingly, the Court finds that the above documents, if appropriately admitted at trial after foundation is established, do raise a genuine dispute about whether Plaintiff's need for a day shift was related to the impairment Plaintiff had or Defendant regarded her as having.

Doc. 95 at 10.

Defendant's summary-judgment reply refers to evidentiary defects generally, specifically identifies several defects other than issues with Exhibit 16, and contains a footnote asserting that "[t]he analysis of procedural infirmities is detailed more fully in Regis' Response and Objections to Plaintiff's Controverting and Separate Statement of Facts." Doc. 84 at 2-4. Such statements in the reply memoranda do not comport with Local Rule 56.1(e): "Memoranda of law filed in support of . . . a motion for summary judgment, including reply memoranda, must include citations to the specific paragraph in the statement of facts that supports assertions made in the memoranda regarding any material fact on which the party relies in support of or in opposition to the motion." Therefore, Defendant is not entitled to relief on the basis of objections not referenced with specificity in the reply.

The Court would not, however, have reached a different outcome had the reply complied with local rules. Defendant's objections to Plaintiff's statement of facts, filed on the same day as the reply to its summary judgment motion, asserts in part: "Regis disputes and objects to PSOF ¶ 58. Plaintiff has failed to provide any foundation for Exhibit 16 on which she relies. . . . To the extent Exhibit 16 is being provided to prove the truth of the matter contained therein, it constitutes inadmissible hearsay." Doc. 85 at 9-10. The Court's March 9 order found Plaintiff failed to raise a genuine issue as to having an ADA-qualifying

1 physical impairment. As a result, Exhibit 16 will not be received at trial to prove the truth
2 of the matter asserted – that Plaintiff had an ADA disability. Rather, Exhibit 16 will be
3 received as evidence of Defendant's state of mind – its awareness and belief regarding
4 Plaintiff's impairment. Such use of the exhibit does not depend on the truth of the matter
5 asserted and therefore is not barred as hearsay. Fed. R. Evid. 801(c).[3] Moreover, to the
6 extent the foundation objection attacks authenticity of these documents, authentication is
7 "satisfied by 'evidence sufficient to support a finding that the matter in question is what its
8 proponent claims.'" *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed.
9 R. Evid. 901(a)). Plaintiff's statement of facts asserts that "In May 2008, [Plaintiff] provided
10 [Defendant] with a doctor's prescription, and letter from Dr. Debra A. Walter, M.D."
11 (Doc. 83 ¶ 58), and Defendant does not deny receiving such a prescription and letter (Doc. 85
12 at 9-10). Whether the prescription and letter were in fact written by Dr. Walter (i.e., whether
13 the documents in the exhibit are authentic) is not relevant to Defendant's receipt of these
14 documents. Defendant did not deny in the summary judgment briefing that it received the
15 documents. Whether Defendant believed the medical assertions stated in the documents is
16 a factual issue for the jury.

17 **III. Conclusion.**

18 Because the motion for reconsideration is denied, Plaintiff's motion to strike will be
19 denied as moot.

20 **IT IS ORDERED:**

21 1. Defendant's motion for reconsideration (Doc. 96) is **denied**.

---

28 [3]Defendant may seek an appropriate limiting instruction with respect to Exhibit 16.

- 7 -

1.     2.     Plaintiff's motion to strike (Doc. 97) is **denied as moot**.

DATED this 15th day of June, 2011.

*David G. Campbell*
United States District Judge